**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LESLIE R. GARCIA,

    Plaintiff,

vs.                              CASE NO. 3:01-cv-578-J-HTS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

**O R D E R**

This cause is before the Court on Plaintiff's Amended Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #28; Petition), which renders **MOOT** Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #27). It is represented Defendant has no objection to the amount sought in the Petition. Petition ¶ 10.

The Petition requests the Court to award $11,750.00 in fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1)(A). *Id.* at 1. The $3500.00 in fees previously granted under the Equal Access to Justice Act (EAJA), *see* Order (Doc. #25) at 2, would then be refunded to Mr. Garcia, resulting in a total award of attorney's fees of $8250.00 for work performed before the Court. *See Id.* ¶¶ 6, 8; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat.

186)(second alteration in original)); *Bergen v. Comm'r of Social Security*, --- F.3d ----, Nos. 05-14683, 05-14684, 2006 WL 1843633, at *3 (11th Cir. July 6, 2006). A contingency fee agreement signed by Plaintiff in 2001 states:

> If the claim[] is denied by the ALJ, and an appeal is filed by my Attorney, and the claim is awarded following that appeal I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than $4,000.00. In that event, my Attorney would be required to submit a petition for fees to the Social Security Administration and/or Federal Court and a copy of same will be sent to client.

Social Security Disability Contingent Fee Agreement, attached to the Petition as Exhibit A, at 1.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which does not exceed twenty-five percent of the past-due benefits awarded. Thus, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d

Cir. 1990)).  However, other factors that relate to reasonableness include whether there was unreasonable delay by the attorney, the size of the award in relationship to the time spent on the case, the quality of representation, and "the risk that the claimant would not prevail."  *Id.; see Gisbrecht*, 535 U.S. at 808.

Having reviewed the record, the Court finds the requested fee is reasonable.  Here, Plaintiff and his counsel agreed to attorney's fees not to exceed twenty-five percent of past-due benefits.  The amount actually sought by counsel is considerably less than twenty-five percent of the past-due benefits awarded.[1] Although there was a delay of several weeks for oral argument, *see* Motion for Continuance of Oral Argument Scheduled for August 21, 2002 (Doc. #19); Order (Doc. #20), such delay was not unreasonable so as to justify a reduction of the fee to be awarded.  Counsel spent a total of 25.00 hours representing Plaintiff.  Itemization of Time Social Security Claim, attached to Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. #24) as Exhibit A, at 5.  In light of the time spent on the case, the requested fee is not so large as to result in a windfall for Plaintiff's counsel.[2]  *See Coppett*, 242 F. Supp.

---

[1] The Social Security Administration withheld twenty-five percent of Plaintiff's past-due benefits, in this case, $30,121.74.  *See* Petition ¶ 6. Based on the amount retained, the total past-due benefits awarded Plaintiff were $120,486.96.  Thus, the fee sought by counsel for work performed before the Court, $8250.00, amounts to just under seven percent of Plaintiff's past-due benefits.

[2] The fee counsel seeks amounts to an hourly rate of $330.00 for the work accomplished.

2d at 1384-85 (finding reasonable a § 406(b) fee that amounted to payment of $350.49 per hour for attorney's representation of plaintiff before the court).  Further, a review of the record makes clear that counsel's representation was not substandard, and recovery was not guaranteed.  Thus, the Court finds the fee sought is reasonable.

Hence, the Petition (Doc. #28) is **GRANTED** and counsel for Plaintiff may receive $11,750.00 in attorney's fees.  The $3500.00 awarded under EAJA, *see* Order (Doc. #25), is to be refunded to Plaintiff.  The Clerk of the Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of August, 2006.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    *pro se* parties, if any